In the Matter of the Claim of HENRY DILG, Respondent, against PYRENE MANUFACTURING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*

Third Department, September 23, 1933.

*Frank L. Ward,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel], for the respondents.

HEFFERNAN, J. On January 20, 1920, John Dilg, while in the employ of Pyrene Manufacturing Company, sustained an accident arising out of and in the course of his employment which resulted in his death on the same day.

At the time of decedent's death his parents were dependent upon him. The State Industrial Board made death benefit awards in their favor. Upon appeal this court confirmed that determination (194 App. Div. 949).

Compensation has since been continuously paid to the mother. Payments were made to the father until February, 1926. At that time claimant had continuous employment and the State Industrial Board decided that dependency had temporarily ceased. Included in that decision there was incorporated the following provision: " Case is closed on payments made and without prejudice. If at a later date claimant should lose his steady job and find himself again in the same condition as at the time of his son's death, case may be reopened."

Claimant continued to be employed until December, 1931, when

---

he again sought compensation as a dependent. Thereupon the case was reopened, hearings were had and a dependency award was made to claimant to commence April 13, 1932. That award is the subject of review.

The only question for determination is whether a dependency award may be reinstated after temporary suspension. The precise question involved has not been heretofore passed upon by the courts. The appellants contend that subdivision 4 of section 16 of the Workmen's Compensation Law does not authorize such an award. That statute provides, *inter alia*, that an award may be made to a dependent parent " during such dependency." The obvious intent of the statute is to provide assistance to dependent parents. Nothing in the language used warrants the conclusion that death benefits should terminate at any particular time, except during a period when parents are not actually dependent. Appellants contend that in order to warrant compensation dependency must be continuous and without any interruption. We do not believe that such was the intention of the Legislature. The statute should receive a liberal and not a narrow interpretation. When dependency temporarily ceases the recurrence of that status revives the right to compensation. In this proceeding it is significant that the case was closed " without prejudice " to the right of the claimant to make application to have it reopened if he again became dependent. It is difficult to understand appellants' complaint. They benefited by claimant's industry and the resultant cessation of compensation. To sustain their contention would encourage indolence on the part of dependents and be an incentive to them to shirk all employment in order to insure the payment of compensation.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, MCNAMEE and CRAPSER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.